UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TREMAINE L. BAILEM,

        Petitioner,

v.                                          Case No:  2:16-cv-18-FtM-38MRM

STATE OF FLORIDA and
SECRETARY, DOC,

        Respondents.

_____/

**OPINION AND ORDER**[1]

      This matter comes before the Court on Petitioner, Tremaine L. Bailem's Motion to Amend Final Judgment (Doc. #45) filed on July 12, 2017.  As grounds for the amended judgment, Bailem states that prison officials failed to mail out an amended petition supplemented with attached exhibits 1A, 1B, 1C, 1D, and 1E.  As such, Bailem states that prison officials denied him access to courts.

      The Court will consider Bailem's motion as brought pursuant to both Federal Rule of Civil Procedure 59 and 60(b).  *United States v. Health Mgmt. Assocs., Inc.*, No. 2:11-CV-89-FTM-29DNF, 2013 WL 12155429, at *1–2 (M.D. Fla. July 10, 2013) (*citing Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)("A post-judgment motion may be

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

treated as made pursuant to either Fed. R. Civ. P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought.").

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)(*citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Taylor Woodrow*, 814 F. Supp. at 1073; *PaineWebber*, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow, 814 F. Supp. at 1072–73*.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into certain limited categories, a motion to reconsider must be denied.

Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Similarly, Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment under specific circumstances such as: "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(1). Rule 60 also provides for a catchall provision that permits the Court to grant relief from a final judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision is "exceedingly rare" and "does not offer an unsuccessful litigant an opportunity 'to take a mulligan.' " *Federal Rules Civil Handbook*, Rule 60, Reason 6 (quoting *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007)). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)(quotation and alteration marks omitted).

Bailem states the Court's judgment should be amended because prison officials denied him access to courts by refusing to mail or throwing away his amended habeas petition along with its attachments.  However, Bailem never moved the court to amend his amended petition.  Under Fed. R. Civ. P. 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or, if the pleading is one which a responsive pleading is required, twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1).  Otherwise, the Party

must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). Since the time frames under Rule 15 had expired and Bailem did not seek leave of the court to file an amended petition, any amended petition filed by Bailem would have been stricken as untimely filed in violation of the Federal Rules. Further, Bailem does not provide the Court with any intervening change in the law or facts of the case to support his motion for an amended judgment. Thus, his claim lacks merit and the Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

Petitioner, Tremaine L. Bailem's Motion to Amend Final Judgment (Doc. #45) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of July, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record