UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TREMAINE L. BAILEM,

       Petitioner,

v.                                   Case No:   2:16-cv-18-FtM-38MRM

STATE OF FLORIDA and
SECRETARY, DOC,

       Respondents.
_____/

## OPINION AND ORDER[1]

    This matter comes before the Court on the Petitioner, Tremaine L. Bailem's Motion to Reconsider (Doc. #44) filed on July 7, 2017.  No response in opposition has been filed but none is needed to rule on the instant Motion.  Bailem states that he filed a Motion to Compel (Doc. #40) prior to his Petition for Habeas Corpus relief was dismissed.  Bailem's Motion to Compel moved the Court to compel Respondent to produce a full and complete transcript of his trial.  Bailem acknowledges that he at one time had a copy of the trial transcript, although he said some pages were missing, but alleges Respondent destroyed it during a search of his cell.  Bailem argues that his Motion to Compel was not ruled on

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

before his case was terminated and now moves the Court to reconsider its Order dismissing his Petition and rule on his Motion to Compel.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Restaurant Management*, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood,* 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).   The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.,* 153 F.R.D. 689, 904 (M.D. Fla. 1994).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).   The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter,* 2006 WL 2620302 at *1 (citing *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority*, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)).   A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. *Carter*, 2006 WL 2620302 at * 1.   The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).   "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. School Bd. Of Hillsboro County, Fla.*, 149 F.R.D. 235, 235

(M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302 at *1.

On June 26, 2017, the Court dismissed Bailem's Petition for Writ of Habeas Corpus.  In the Court's Order (Doc. #41), the Court terminated all remaining pending motions due to the fact that the case was dismissed.  Therefore, Bailem's Motion to Compel was terminated as moot because the case was closed.  Bailem does not provide the Court with any new facts or law that would cause the Court to reconsider its previous ruling and reopen the case to compel production of the trial transcript or any other discovery.  Further, with the case being closed there is no longer a need for the discovery. Consequently, Bailem's Motion for Reconsideration is due to be denied.

Accordingly, it is now

**ORDERED:**

Petitioner, Tremaine L. Bailem's Motion to Reconsider (Doc. #44) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of July, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Tremaine L. Bailem
All Parties of Record
SA: FtMP-2